<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCO J. MARQUES, : <br> : <br> Plaintiff, : <br> : Case No. 3:16-cv-04961 (BRM) <br> v. : <br> : <br> CAROLYN W. COLVIN, : <br> Acting Commissioner of Social Security : **OPINION** <br> : <br> Defendant. : <br> : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Acting Commissioner of Social Security's ("Commissioner") motion to dismiss Francisco J. Marques's ("Marques") appeal from the Commissioner's denial of his application of Social Security Disability Insurance Benefits ("SSDI"). (Def.'s Mot. to Dismiss Amended Compl. (ECF No.10.)) The Commissioner moves to dismiss Marques's claim on two grounds: (1) this Court lacks subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) because there was no "final decision . . . made after a hearing"; and (2) Marques has failed to state a claim for a purported due process violation. (Letter Br. in Support of Def.'s Mot. to Dismiss Amended Compl. (ECF No.9.)) For the reasons set forth herein, the Commissioner's Motion to Dismiss is **DENIED** and the case is **REMANDED** for further proceedings consistent with this opinion.

I. **FACTUAL BACKGROUND**

Marques filed his first claim for SSDI benefits in September 2010. (First Amended Compl. (ECF No. 7) at ¶ 7.) On December 31, 2012, his insurance status expired. (*Id.* at ¶ 8.) On February 4, 2013, Administrative Law Judge ("ALJ") Daniel N. Shellhamer ("ALJ Shellhamer") determined

Marques was not under a disability for the purpose of his 2010 SSDI application. (*Id*. at ¶ 9; Order of Dismissal (ECF No. 5-1) at 7.) ALJ Shellhamer's decision became final and binding because Marques did not timely request Appeals Council review. (ECF Nos. 7 at ¶ 10 and 5-1 at 7.)

On or about February 10, 2014, Marques filed a second claim for SSDI, stating again he had been disabled since April 1, 2010. (ECF Nos. 7 at ¶ 11 and 5-1 at 7.) On April 15, 2014, Marques's 2014 application was denied. (ECF Nos. 7 at ¶ 12 and 5-1 at 7.) On July 10, 2013, Marques's 2014 application was denied upon reconsideration. (ECF Nos. 7 at ¶ 13 and 5-1 at 7.) On July 18, 2014, Marques submitted a request for an ALJ hearing. (ECF Nos. 7 at ¶ 14 and 5-1 at 7.) In conjunction with this request, Marques also submitted additional evidence in addition to requesting his desire to appear at a hearing, and indicated he understood an ALJ would send him a notice of the time and place of the hearing. (ECF No. 7 at ¶ 15; and First Amended Compl., Exhibit A (ECF No. 7-1 at 1.))

On September 18, 2014, ALJ Mark G. Barrett ("ALJ Barrett") dismissed Marques's July 2014 request for hearing on res judicata grounds. (ECF Nos. 7 at ¶ 16 and 5-1 at 7–8.) ALJ Barrett noted that Marques previously filed an SSDI application in September 2010, which was denied in a hearing on February 4, 2013—after Marques's insured status expired on December 31, 2012. (ECF No. 5-1 at 7–8.) ALJ Barrett found that the claim was premised on the same issues and the same facts as were adjudicated in the February 2013 hearing decision; therefore, the doctrine of res judicata applied. (*Id*.)

ALJ Barrett stated he reviewed evidence related to Marques's 2010 application, but did not proffer to Marques the entire claim file related to his 2010 application. (ECF Nos. 7 at ¶ 20 and 5-1 at 7–8.) ALJ Barrett also stated that he reviewed evidence relating to Marques's 2014 application, but did not state which specific evidence he reviewed. (ECF Nos. 7 at ¶ 21 and 5-1 at 7–8.)

Marques requested the Appeals Council review ALJ Barrett's dismissal. (ECF Nos. 7 at ¶ 22 and 5-1 at 9.) Marques submitted evidence to the Appeals Council in conjunction with his request for Appeals Council review. (First Amended Compl., Ex. B (ECF No. 7-2) at 1–6.) Marques submitted a medical source statement dated October 15, 2014 from treating pain management specialist Scott E. Metzger, M.D. ("Dr. Metzger") (*Id*.) Dr. Metzger noted that since September 2010, Marques could perform only a limited range of part-time sedentary work. (First Amended Compl., Ex. B (ECF No. 7-2) at 1–6.) In conjunction with his request for Appeals Council review, Marques argued: (1) ALJ Barrett erroneously failed to proffer to him the entire claim file related to his 2010 application; (2) ALJ Barrett improperly dismissed his July 2014 request for hearing without either providing him with an oral hearing or notifying him that no oral hearing would be held, but offering him an opportunity to submit arguments and evidence prior to the disposition of the request for hearing; and (3) ALJ Barrett failed to evaluate new and material evidence—i.e., Dr. Metzger's report. (First Amended Compl., Ex. C (ECF No. 7-3) at 1–4.) On June 15, 2016, after reviewing new evidence consisting of Dr. Metzger's report, the Appeals Council denied Marques's request to review ALJ Barrett's dismissal. (ECF No. 5-1 at 9–11.)

On August 12, 2016, Marques filed this District Court action seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) (Compl. (ECF No. 1) at 1.) In his Complaint, Marques alleged "substantial evidence" does not support the Commissioner's final decision. (*Id*. at 2.) On October 14, 2016, the Commissioner filed a Motion to Dismiss (Def's Mot. to Dismiss (ECF No. 4)) with a proposed Order (Order (ECF No. 4-1)), Memorandum in support of the Commissioner's Motion to Dismiss Marques's complaint (Mem. in Support of Def.'s Mot. to Dismiss (ECF No. 5)), and supporting evidence (ECF No. 5-1). The Commissioner argued the

Court lacked jurisdiction over Marques's complaint under 42 U.S.C. § 405(g). (ECF No. 5 at 2–4.)

On October 31, 2016, Marques filed his First Amended Complaint (ECF No. 7) with supporting Exhibits A (ECF No. 7-1), B (ECF No. 7-2), and C (ECF No. 7-3). In his First Amended Complaint, Marques argued the Commissioner violated his right to procedural due process under the Fifth Amendment of the United States Constitution and this Court has jurisdiction to review his claim under 28 U.S.C. § 1331. (ECF No. 7 at ¶ 28–29.) Marques alleged the Commissioner denied him his due process rights by accepting ALJ Barrett's determination, as ALJ Barrett violated those rights by: (1) failing to proffer to Marques the entire claim file related to his 2010 application; (2) failing to notify Marques he would not hold an oral hearing; (3) failing to provide Marques with the opportunity to submit additional evidence and arguments after being notified that an oral hearing would not be held; and (4) failing to state which specific evidence he reviewed that was not in the claim file for Marques's 2010 application. (*Id*. at 30.)

On November 7, 2016, Marques filed a Response to Defendant's Motion to Dismiss Plaintiff's Complaint. (Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 8.)) Marques explained how the First Amended Complaint mooted the Defendant's Motion to Dismiss. (*Id*. at 4–6.)

On November 14, 2016, the Commissioner filed a letter brief asking this Court to consider as a reply to Marques's response to the Motion to Dismiss. (Letter Br. (ECF No. 9.)) That same day, the Commissioner filed an Amended Motion to Dismiss (Def.'s Amended Mot. to Dismiss (ECF No. 10.)) In the Commissioner's letter brief, she reiterates her jurisdictional argument supplied in her first Motion to Dismiss (ECF No. 9 at 2–3.) In response to Marques's due process claims, the Commissioner argues: (1) Marques's demand for the entire 2010 claim file is without legal support and (2) Dr. Metzger's report is not new and material evidence and Marques has failed

to show good cause for his failure to incorporate the report into the record in the original proceeding before ALJ Barrett. (*Id*. at 3–4.)

On December 20, 2016, Marques responded to the Commissioner's Amended Motion to Dismiss the Amended Complaint. (Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 13.)) In the response, Marques argues the Commissioner's Amended Motion neglected to address his allegation that ALJ Barrett violated his Constitutional right to due process when ALJ Barrett failed to notify him that no hearing would be held, and when the ALJ failed to provide him with the opportunity to submit additional evidence and arguments after being notified that an oral hearing would not be held. (ECF No. 13 at 3.) Additionally, Marques reiterates his claim that ALJ Barrett's failure to provide the full 2010 claim file, and to state which evidence he considered in dismissing Marques's 2015 claim, constitutes serious procedural errors depriving Marques of his right to due process. For these reasons, Marques asks this Court: (1) to deny the Commissioner's Motion to Dismiss Marques's Amended Complaint; (2) to conclude the Commissioner violated Marques's right to procedural due process; and (3) to remand this case to the Commissioner with an order that the Commissioner's fact-finder proffer to Marques the entire 2010 claim file and to identify which evidence he or she considers that was not in the 2010 claim file. (ECF No. 13 at 9.)

## II. JURISDICTION

This case is unique from standard social security appeals in that this Court potentially has jurisdiction over it in two ways: (1) under 42 U.S.C. § 405(g), which grants district courts the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the [final] decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"; and (2) under 28 U.S.C. § 1331, based on Plaintiff raising a due process claim. *See Alvarez v. Berryhill*, Case No. 17-7422 (Op. May 29, 2018) (collecting cases).

### III.  STANDARD OF REVIEW

#### A.  Social Security Decisions

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).This Court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. § 405(g), which authorizes judicial review of "any final decision of the Secretary made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g); *see also Califano v. Sanders*, 430 U.S. 99, 108

(1997); *Tobak v. Apfel*, 195 F.3d 183, 185 (3d Cir. 1999); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983).

Res judicata principles apply to administrative as well as judicial adjudications. *See United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 421–22 (1966); *see also Tobak*, 195 F.3d at 185. The regulations provide that an ALJ may dismiss a request for a hearing, and therefore decline to issue a "final decision," based on the doctrine of administrative res judicata. 20 C.F.R. § 404.957(c)(1) ("The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."). Thus, res judicata may only be properly applied where the "same" claimant has filed a previous application based on the "same" issues and where such prior determination has become final by virtue of administrative or judicial action. 20 C.F.R. § 404.957(c)(1); *Purter v. Heckler*, 771 F.2d 682, 691 (3d Cir.1985); *Tobak*, 195 F.3d at 185.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is

7

made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

The Commissioner presents a facial attack on subject matter jurisdiction, as she disputes this Court's ability to hear the case under 42 U.S.C. § 405(g). Therefore, the Court must view the facts in the light most favorable to Marques, the non-movant.

### C. Constitutional Claims

It is well-settled that the administrative exhaustion requirements of § 405(g) may be waived where the claimant alleges a colorable claim implicating a constitutional issue. *Sanders*, 430 U.S.

8

at 108–09; *Bacon v. Sullivan*, 969 F.2d 1517, 1521–22 (3d Cir. 1992); *Timmons v. Comm'r of Soc. Sec.*, 719 F. App'x 162, 164 (3d Cir. 2017); *Penner*, 701 F.2d at 260. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for violations of the Constitution. *See Penner*, 701 F.2d at 260. In determining what process is due a Social Security claimant under these circumstances, we must examine:

> (1) the private interests that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893 (1976).

### D. Motion to Dismiss for Failure to State a Claim

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

9

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## IV. DECISION

### A. The Commissioner's Claim Regarding this Court's Lack of Subject Matter Jurisdiction

District courts generally lack jurisdiction under § 405(g) to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on res judicata grounds. *See Sanders*, 430 U.S. at 107–09; *Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982); *Tobak*, 195 F.3d at 185. Moreover, as the Supreme Court explained in *Sanders*, because an administrative decision declining to reopen a prior claim or denying a subsequent claim on res judicata grounds does not require a hearing, it is not a "final decision . . . made after a hearing" as required for jurisdiction under § 405(g) of the Act. *See Sanders*, 430 U.S. at 107–08; *see also Tobak*, 195 F.3d at 187.

Because ALJ Barrett denied Marques's subsequent claim based on administrative res judicata, ALJ Barrett never issued a judicially reviewable "final decision." Marques requested Appeals Council review of ALJ Barrett's order of dismissal. The Appeals Council denied Marques's request, thereby making ALJ Barrett's order of dismissal the Commissioner's determination on Marques's subsequent claim. Thus, this Court does not have jurisdiction under § 405(g). However, this Court does have subject matter jurisdiction over Marques's constitutional claims under 28 U.S.C. § 1331. Further, as previously noted, caselaw instructs the administrative exhaustion requirements of § 405(g) may be waived where the claimant alleges a colorable claim implicating a constitutional issue. *See Sanders*, 430 U.S. at 108–09; *Bacon v. Sullivan*, 969 F.2d 1517, 1521–22 (3d Cir. 1992); *Timmons v. Comm'r of Soc. Sec.*, 719 F. App'x 162, 164 (3d Cir. 2017); *Penner*, 701 F.2d at 260.

### B. Motion to Dismiss for Failure to State a Claim

Marques's interests in receipt of the SSDI benefits due under the Social Security Act is exceptionally strong. An erroneous determination of a claimant's disability status could cause significant financial hardship for a disabled individual who may be entirely dependent upon these monthly payments for support. Indeed, recipients' very subsistence may be at stake. Social Security beneficiaries therefore deserve full due process protection while pursuing a claim for benefits through the administrative process.

The risk of an erroneous deprivation resulting from any one of the Commissioner's alleged due process violations is also significant. First, ALJ Barrett's alleged failure to provide Marques with the entire claim file related to his 2010 application is alone enough to overcome Marques's motion to dismiss. Marques argues he had a Constitutional right to pre-decision proffer of all the evidence ALJ Barrett reviewed, citing as legal support for this position *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). (ECF No. 8 at 7.) We do not find Marques's expansive reading of *Mullane* persuasive. Indeed, we acknowledge the Commissioner's contention that Marques's demand for the entire claim file lacks precedential support. Yet, common sense leads inevitably to the conclusion that Marques cannot be reasonably expected to craft a viable second application without first being afforded an opportunity to identify and remedy the deficiencies of the first.

Second, and closely related to the first issue, is ALJ Barrett's alleged failure to state which specific evidence he reviewed in Marques's 2014 application that ALJ Shellhamer did not review in Marques's 2010 claim. As the Supreme Court explained in *Goldberg v. Kelley*, claimants have a Constitutional right to know which evidence the decisionmaker relied upon in reaching their decision. 397 U.S. 254, 271 (1970). Without access to the entire claim file, Marques had no way

of demonstrating there is new and material evidence warranting waiver of res judicata. In any case, the Commissioner failed to respond to, let alone challenge, this claim in Defendant's Amended Motion and therefore, they have waived that count. "The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count." *Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010); *see Duran v. Equifirst Corp.*, No. 09-3856, 2010 WL 918444, at *3 (D.N.J. Mar. 12, 2009) (dismissing eleven counts of a complaint because plaintiff waived those counts by failing to respond to the defendant's motion to dismiss those counts).

Third, ALJ Barrett's failure to notify Marques he would not hold an oral hearing violated Marques's Constitutional right to adequate notice of the procedures used in the agency proceedings. *See Goldberg*, 397 U.S. at 267–68. Again, the Commissioner neglects to address this claim in Defendant's Amended Motion and waives this count.

Finally, we turn to ALJ Barrett's refusal to provide Marques with the opportunity to submit additional evidence and arguments after being notified that an oral hearing would not be held. Under 42 U.S.C. § 405(g), the Court may "order additional evidence to be taken before Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Commissioner would have us ignore Dr. Metzger's retrospective report because Marques obtained it several months after his request for a hearing and did not offer an explanation for the delay. This we will not do. Marques will have an opportunity to show good cause for why he failed to include Dr. Metzger's report in the 2014 claim file reviewed by ALJ Barrett.

13

The government's interest in the efficient and economic administration of the Social Security system would not be significantly hindered by the institution of a requirement that SSDI claimants filing subsequent claims be afforded the claim file from their original claims, or that they receive an account of the evidence considered therein. At most, this new procedure would require marginally increased administrative costs and labor. While mildly burdensome from a clerical perspective, we do not deign to compare such an inconvenience to the potentially devastating effects of a totally disabled individual losing his benefit payments in error.

Viewing these four claims in the light most favorable to Marques, it is clear that ALJ Barrett's conduct put Marques at great risk of erroneous deprivation of benefits, that such a deprivation would be potentially detrimental to Marques, and that the administrative burden of the proposed procedures do not outweigh these private interests. In light of this determination, we believe the relatively simple and inexpensive procedures proposed herein are reasonable and justified. Therefore, we conclude the procedural errors by ALJ Barrett deprived Marques of his Constitutional right to due process.

## V.   CONCLUSION

For the above reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **DENIED** and this case is **REMANDED** for the Commissioner to proffer to Marques the entire file related to his 2010 SSDI application prior to acting on Marques's request for hearing related to his 2014 SSDI application, and to provide to him a detailed account of the evidence considered in his 2010 SSDI application. Should the Commissioner grant Marques's request for an oral hearing related to his 2014 application, the Commissioner shall provide proper notice to him thereof. Should the Commissioner deny Marques's request, the Commissioner shall timely notify him of the decision. In either case, the Commissioner shall afford Marques reasonable time to

submit additional material evidence and arguments regarding his showing of good cause for not having included the additional evidence in his original application.


**Date: March 31, 2021**　　　　　　　　　　　　*/s/ Brian R. Martinotti*　　　　
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**